**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK, | : |
| | : Civil Action No. 13-3740 (JAP) |
| Plaintiff, | : |
| v. | : **OPINION** |
| OFFICER LORENZO PETTWAY, et al., | : |
| Defendants. | : |

**APPEARANCES:**

    STANLEY L. NIBLACK, Plaintiff <u>pro</u> <u>se</u>
    #923038A
    Southern State Correctional Facility (Unit 38)
    4295 Rt. 47
    Delmont, New Jersey 08314

    CHRISTINE M. VANEK, ESQ.
    SCARINCI HOLLENBECK
    1100 Valley Brook Avenue, P.O. Box 790
    Lyndhurst, New Jersey 07071
    Counsel for Defendants

**PISANO**, District Judge

This matter comes before the Court on Plaintiff's motion to remand this matter to state court. (ECF No. 9.) The Court also considers Defendants' motion to vacate default. (ECF No. 2.) These motions are being considered on the papers, pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, the Court

concludes that this action should be remanded to state court, and therefore, Plaintiff's motion shall be granted and Defendants' motion to vacate default will be denied as moot.

## I.  BACKGROUND

On November 5, 2012, Plaintiff, Stanley L. Niblack ("Niblack" or "Plaintiff"), filed a lawsuit in the Superior Court of New Jersey, Law Division, Monmouth County, under Docket No. MON-L-4506-12, against Defendants Officer Lorenzo Pettway of the Asbury Park Police Department, the City of Asbury Park, Asbury Park Mayor Ed Johnson and the Asbury Park Police Department Chief or Captain Mark Kinnemon.  (ECF No. 1, Exhibit A.)  Niblack asserts that his constitutional and civil rights were violated by the Defendants stemming from an incident that occurred in Asbury Park on August 17, 2011.  In particular, Niblack alleges that, while he was in a friend's parked car, Defendant Pettway ordered Niblack to exit the vehicle, threw Niblack against the vehicle and emptied the contents of Niblack's pockets.  (*Id.*, ¶ 1.)  Pettway then ordered Plaintiff to follow him to Niblack's own car parked around the corner, and Pettway proceeded to search Niblack's vehicle and all of its compartments and bags without Niblack's consent or a search warrant.  (*Id.*, ¶¶ 2, 3.)  Niblack claims that Defendant Pettway conducted an illegal search and seizure in violation of

Plaintiff's constitutional rights, and that Defendants Mayor Johnson, Chief/Captain Kinnemon and the City of Asbury Park failed to train, supervise or discipline their police officers. (*Id.*, ¶¶ 3-7.) Niblack seeks $ 4 million in compensatory, punitive and special damages. (*Id.*, "Demand.")

On June 17, 2013, Defendants removed this action to this District Court pursuant to 28 U.S.C. §§ 1331 and 1441, asserting that the Court has subject matter jurisdiction over Plaintiff's unlawful search and seizure claim pursuant to federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at ¶¶ 4-6.) On June 26, 2013, Defendants filed a motion to vacate default and extend the time within which to submit a responsive pleading. (ECF No. 2.) Defendants submitted an answer with their motion. (ECF No. 2-1.) Defendants argue that they were never personally served with the complaint in the state court action. Nevertheless, Plaintiff applied to state court for entry of default, which was granted on April 1, 2013, two and a half months before Defendants removed the action to this District Court. (ECF No. 2-2 at 4.)

On July 8, 18, 22, and 23, 2013, Niblack filed letters and/or memoranda in opposition to removal. (ECF Nos. 4, 5, 6, 7 and 8.) On July 25, 2013, Plaintiff filed a motion for remand. (ECF No. 9.) In these papers opposing removal, Niblack refutes

3

Defendants' contention that service of process was not effective on all of them. Indeed, in his letter dated July 22, 2013, Niblack attaches proof of service upon all Defendants, showing that service was completed on February 19, 2013. (ECF No. 7.) Plaintiff argues that removal is improper in this case where entry of default has been granted, where a motion for default judgment and proof hearing was filed and served on Defendants in state court, and where Plaintiff has filed an amended complaint in the state court action, naming additional Defendants on whom the Monmouth County Sheriff's Office is attempting service of process. (ECF No. 4, 5 at ¶¶ 6 through 13.)

Niblack also alleges that he did not receive the Notice of Removal until June 25, 2013, as Defendants used an incorrect address to serve him. Niblack contends that Defendants have tactically employed removal knowing the limitations in Plaintiff's ability to respond quickly due to his incarceration. (ECF No. 6.) Niblack further alleges that Defendants' counsel was served with a Demand for Production of Documents in the state matter on March 18, 2013, thus providing additional notice of Plaintiff's complaint against the Defendants months before a notice of removal was filed. (ECF No. 9-2.) Consequently, Plaintiff alleges that removal by Defendants was improper under 28 U.S.C. § 1446(b), because the matter was not removed within

4

thirty (30) days after service of process.  Namely, Defendants removed the state court case to the District Court on June 17, 2013, almost four months after service of process was completed on all Defendants on February 19, 2013.  (ECF No. 9 at ¶ 15 and Exhibit "B".)

On August 19, 2013, Defendants filed opposition to Plaintiff's motion to remand this matter to state court.  (ECF No. 13.)  Defendants acknowledge that the municipal Defendant, the City of Asbury Park, was properly served on February 19, 2013, pursuant to New Jersey Rule of Court 4:4-4(a)(8).  However, Defendants argue that service on the individual Defendants was defective because it was not served pursuant to N.J.Ct.R. 4:4-4(a)(1), which allows service "by delivering a copy thereof [of the summons and complaint] to a person authorized by appointment or by law to receive service of process on the individual's behalf."  Defendants contend that the municipal clerk is not so authorized by any municipal ordinance or state statute.  (ECF No. 13 at 3.)

Plaintiff filed a reply on September 12, 2013.  (ECF No. 14.)

## II. DISCUSSION

### A. Standards for Removal and Remand

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that federal district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." 28 U.S.C. § 1446(a). The removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Wells Fargo Bank, N.A. v. Mastoris*, Civil Action No. 13-5008, 2013 WL 6154531, at *3 (D.N.J. Nov. 22, 2013). The Third Circuit has clarified that "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Id.* (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

If the removal procedure was defective, however, the action may be remanded to state court under 28 U.S.C. § 1447(c).

Section 1447(c) states, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Third Circuit has held that the "party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett*, 357 F.3d at 396. Thus, on a motion to remand, the burden of demonstrating a proper basis for removal remains with the removing party. *Wells Fargo Bank*, Civil Action No. 2013 WL 6154531 at *4. Nevertheless, under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Finally, section 1446(b) controls the time limitations for removal and provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

7

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)(1), (3).

Therefore, under § 1446(b), if an initial pleading is removable, a defendant has thirty days after receipt of the initial pleading to file its notice of removal. *See Peters v. Stop & Shop*, No. 13-6085, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013).

B. <u>Analysis</u>

In this case, Plaintiff does not appear to contest the basis for removal or subject-matter jurisdiction under 28 U.S.C. § 1331, but rather argues, among other things, that removal was untimely. As set forth above, Defendants must file a notice of removal within "30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court." *Galvanek v. AT & T, Inc.*, Civil Action No. 07-2759(FLW), 2007 WL 3256701, *2 (D.N.J. Nov.5, 2007) (internal citation omitted).

Here, it is evident that Defendants' removal of the state court action is untimely, having been made almost four months after service of process was effective upon all Defendants on February 19, 2013. Defendants argue, however, that service was not proper because the municipal clerk who accepted service on behalf of the individual defendants was not authorized by statute or ordinance to do so.

In their opposition to remand, Defendants rely on *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). As stated by the Supreme Court, proper service is effectuated, for purposes of § 1446(b), upon actual receipt of service of the summons and complaint by the defendant. *Murphy Brothers,* 526 U.S. at 347–48 ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service."). In that case, the plaintiff had faxed a courtesy copy of a filed-stamp complaint to defendant, and the parties engaged in settlement discussions. However, the defendant was not officially served by certified mail under local law until two weeks later. *Id*.

This case differs, however, because personal service of process was made by sheriff's officer under New Jersey law, not by fax or mailing as in *Murphy Brothers*.  Plaintiff has provided the Court with competent copies verifying service of process.  Indeed, the sheriff's return of service facially indicates compliance with N.J.Ct.R. 4:4-4(a)(1), and consequently is *prima facie* evidence that service of process upon the individual municipal defendants was proper.  The return of service was provided to the state court upon Plaintiff's application for entry of default and entry of default was granted accordingly.  Thus, the Court finds that, even if the Defendants had not specifically authorized the municipal clerk to accept service of process, Defendants nevertheless were served with the summons and complaint on February 19, 2013, and had notice of the complaint and the nature of the pending lawsuit by Plaintiff by "service or otherwise" on that date.

Moreover, it is the Defendants burden to establish that removal was timely.  The notice of removal was substantially deficient in this regard, having failed to provide any proof of service or acknowledgement as to the date when the complaint or notice of the complaint was first received by Defendants.  In addition, it appears from the removal application that Defendants failed to provide notice of removal to the state

court, as required under 28 U.S.C. § 1446(d). Therefore, because it appears that Defendants had notice and receipt of Plaintiff's complaint by service or otherwise on or about February 19, 2013, this Court finds that Defendants' removal on June 17, 2013 was untimely, and remand is appropriate. Plaintiff's motion is granted accordingly.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for remand (ECF No. 9) is granted. Because this matter is remanded to state court, Defendants' motion to vacate default (ECF No. 2) is denied as moot. An appropriate order follows.

__/s/ Joel a. Pisano_____
JOEL A. PISANO
United States District Judge

Dated: December 3, 2013